**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES ex rel. ARIA KOZAK and DONNA KOZAK, <br><br>       Plaintiffs-Appellees, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br>    Intervenor-Plaintiff-Appellee, <br><br>   v. <br><br> CHABAD OF CALIFORNIA, <br><br>     Defendant-Appellant. | No. 15-17246 <br><br> D.C. No. <br> 2:10-cv-01056-MCE-EFB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted August 14, 2017
San Francisco, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and WATTERS,[**]
District Judge.

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan P. Watters, United States District Judge for the
District of Montana, sitting by designation.

Chabad of California appeals the district court's entry of summary judgment finding it liable to the United States under the False Claims Act, and various aspects of the court's damages calculation. We affirm.

Chabad challenges the district court's liability findings on the first, second, and fourth elements of the United States' claim under 31 U.S.C. § 3729(a)(1)(A). *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012) (reciting elements). As to the first element, Chabad failed to produce any evidence that creates a factual dispute about whether it made false claims. With respect to the second element, Chabad abandoned its materiality argument below, and no intervening law exists to excuse the waiver. *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1285 (9th Cir. 1994). On the fourth element, the government was required to prove only that Chabad acted with "deliberate ignorance" or "reckless disregard," not that Chabad had a specific intent to defraud. 31 U.S.C. §§ 3729(b)(1)(A)(ii)-(iii); 3729(b)(1)(B). Given undisputed evidence that Chabad ignored expert advice about handling grant funds and Rabbi Cunin's testimony about Chabad's use of the funds, the government met this standard as a matter of law.

Chabad failed to raise its arguments, regarding (1) whether the government was entitled to damages and (2) the applicable statutory penalties, in the district court. In its briefing of these issues, Chabad does not assert that these issues are

2                                                    15-17246

exceptions to its waiver of the issues below, thus the arguments are waived. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). As to its argument that

the district court erred in its approach to calculating the damages, Chabad also did

not raise that issue below. It argues instead that it is an exception to the waiver

rule, because it is a legal issue. However, the district court's calculation of treble

damages was consistent with *United States v. Eghbal*, 548 F.3d 1281, 1285 (9th

Cir. 2008), and *United States v. Bornstein*, 423 U.S. 303, 314-17 (1976). Lastly,

Chabad failed to raise its argument below that the judgment violated the Excessive

Fines Clause of the Eighth Amendment, which it acknowledges is a factual issue

and thus not one of the exceptions to waiver. *See United States v. Bajakajian*, 524

U.S. 321, 334 (1998).

**AFFIRMED.**